HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MISTELLE HARGROVE, *et al.*,

    Plaintiffs,

v.

TIMOTHY HARGROVE, *et al.*,

    Defendants.

Case No. 16-1743-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs Mistelle and Timothy Hargrove's Motion to Strike Affirmative Defenses. Dkt. # 14. For the following reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' motion.

## II. BACKGROUND

This is a personal injury action arising from a motor vehicle accident, which occurred on November 14, 2014. Dkt. # 9 (Amended Complaint). Plaintiffs allege they were driving westbound on Interstate 84 when a tractor trailer in front of them jack-knifed across both lanes of the highway, causing them to collide with the tractor trailer. *Id.* Plaintiffs allege Defendant Timothy Hargrove was the driver of the tractor trailer and that he was on duty as an employee of Defendant Odessa Transport, Inc. at the time of the accident. *Id.* Plaintiffs allege that Hargrove caused the accident by driving negligently. *Id.* Plaintiffs filed this action against Hargrove and his employer to recover the damages allegedly caused by the accident. *Id.*

ORDER – 1

On December 13, 2016, Defendants filed an answer to Plaintiffs' amended complaint. Dkt. # 10 (Answer). In their answer, Defendants assert affirmative defenses. In the instant motion, Plaintiffs request that the Court strike these defenses. Dkt. # 14.

### III. LEGAL STANDARD

The purpose of an affirmative defense "is to put 'the plaintiff on notice that matters extraneous to his prima facie case are in issue.'" *United States v. Ctr. for Diagnostic Imaging, Inc.*, No. C05-0058RSL, 2011 WL 6300174, at *2 (W.D. Wash. Dec. 16, 2011) (quoting *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F.Supp. 259, 262 (E.D.Cal.1987)). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979). "Factually speaking, courts in this district have generally interpreted 'fair notice' to require something far less than the specificity required of a complaint under *Twombly* and *Iqbal*." *Ctr. for Diagnostic Imaging, Inc.*, No. C05-0058RSL, 2011 WL 6300174, at *2. Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12. "Courts generally decline to strike affirmative defenses unless the moving party shows 'there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.'" *Manning v. Swedish Med. Ctr.*, No. C15-0949JLR, 2015 WL 12696168, at *1 (W.D. Wash. Sept. 23, 2015) (quoting *Kerzman v. NCH Corp.*, No. C05–1820-JLR, 2007 WL 765202, at *7 (W.D. Wash. March 9, 2007)).

### IV. DISCUSSION

Plaintiffs request that the Court strike the following affirmative defenses asserted by Defendants: (1) failure to mitigate; (2) setoff of damages; (3) failure to state a claim; (4) that Plaintiffs' damages were caused by other incidents; (5) that Plaintiffs' damages were caused by the negligence of others; (6) that Defendants are entitled to a reduction of any award to reflect compensation Plaintiffs have received from collateral sources; (7)

ORDER – 2

that Defendants are entitled to a reduction of any award to reflect the difference between amounts charged by medical providers and the amounts actually paid; (8) failure to join indispensable parties; (9) statute of limitations; (10) insufficient service of process; (11) personal jurisdiction; and (12) reservation of additional affirmative defenses.

As an initial matter, Defendants have agreed to withdraw defenses (9), (10), and (11). Accordingly, the Court **GRANTS in part** Plaintiffs' motion to the extent they request that the Court strike defenses (9), (10), and (11).

The Court **DENIES in part** Plaintiffs' motion as to the remaining affirmative defenses. Their arguments for striking these defenses are conclusory and unpersuasive. Without elaborating, they summarily contend that defenses (1), (2), (4), (5), and (8) are unsupported by the facts. In a similarly conclusory fashion, they contend that defenses (6) and (7) are unlawful. Plaintiffs' arguments are insufficient to carry their burden to show that "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Manning*, No. C15-0949JLR, 2015 WL 12696168, at *1.

Plaintiffs separately contend that defense (3)—failure to state a claim—is not an affirmative defense, but rather, a Rule 12(b) argument. While they are correct, this is not a basis to strike under Rule 12(f). *In re Washington Mut., Inc. Sec., Derivative & ERISA Litig.*, No. 08-MD-1919 MJP, 2011 WL 1158387, at *2 (W.D. Wash. Mar. 25, 2011) ("Affirmative Defenses 1, 2, 3, and 17 are simply Rule 12(b) attacks to the adequacy of the pleadings, not avoidances or affirmative defenses. . . . The Court will simply consider them not as affirmative defenses, but as general denials or objections.").

Lastly, Plaintiffs contend that (12)—reservation of additional defenses—is not a valid defense. Again, Plaintiffs are correct, but not in a manner that requires any action by the Court. *Id.* ("Though this is not an affirmative defense, the Court does not strike it. In order to pursue an affirmative defense not specifically pleaded, Defendants will need to seek leave to amend their answer. The reservation is not a substitute.").

ORDER – 3

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' Motion to Strike Affirmative Defenses. Dkt. # 14.

DATED this 5th day of May, 2017.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 4